FILED

2012 SEP 25  PM 5: 19

U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOMURA CREDIT & CAPITAL, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>DERRYL JELKS, et al., )<br><br>Defendants. )<br>_____ ) | Case No. CV 12-7895-UA (DUTYx)<br><br>ORDER REMANDING CASE TO SUPERIOR COURT OF CALIFORNIA |

On August 6, 2012, Plaintiff Nomura Credit & Capital, Inc., filed an unlawful detainer action against Defendant Deryl Jelks in Los Angeles County Superior Court.

On September 13, 2012, Defendant filed a Notice of Removal on the basis that "there is a federal question with respect to the tenancy of the Defendant." (Notice of Removal at 2.)

When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). For the reasons given below, the Court has determined that the case must be remanded to state court.

1      Federal courts are courts of limited jurisdiction, and a "federal court is presumed to
2 lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock W.,
3 Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). Courts
4 "strictly construe the removal statute against removal jurisdiction," and "the defendant
5 always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d
6 564, 566 (9th Cir. 1992). Furthermore, "jurisdiction must be rejected if there is any doubt as
7 to the right of removal in the first instance." Id. Removal is proper only if the court could
8 have exercised jurisdiction over the action had it originally been filed in federal court.
9 Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The "presence or absence of
10 federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides
11 that federal jurisdiction exists only when a federal question is presented on the face of the
12 plaintiff's properly pleaded complaint." Id. A federal question exists only when it is
13 presented by what is or should have been alleged in the complaint. See Holmes Group,
14 Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 n. 2 (2002). The implication of
15 a federal question through issues raised by an answer or counterclaim does not suffice to
16 establish federal question jurisdiction. Id. at 831.

17      Defendant asserts federal question subject matter jurisdiction under the Protecting
18 Tenants at Foreclosure Act of 2009. (Notice of Removal at 2.) This assertion is without
19 merit because Defendants cannot create federal subject matter jurisdiction by adding
20 claims or defenses to a notice of removal. McAtee v. Capital One, F.S.B., 479 F.3d 1143,
21 1145 (9th Cir. 2007). Rather, the propriety of removal is determined solely on the basis of
22 the pleadings filed in state court, and the focus is on "the complaint at the time the removal
23 was filed." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979); see
24 also California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (the
25 federal question "must be disclosed upon the face of the complaint, unaided by the answer
26 or by the petition for removal").

27

28                                          2

1    Case law unequivocally establishes that a state law claim for unlawful detainer does

2  not present a federal question. See, e.g., MFC Twin Builders, LLC v. Fajardo, 2012 WL

3  3862399, at *4 (E.D. Cal. Sep. 5, 2012); U.S. Bank Nat'l Ass'n v. Tyler, 2010 WL 4918790,

4  at *2 (N.D. Cal. Nov.12, 2010); OneWest Bank FSB v. Ignacio, 2010 WL 2696702, at *2

5  (E.D. Cal. July 6, 2010); IndyMac Fed. Bank, F.S.B. v. Ocampo, 2010 WL 234828, at *2

6  (C.D. Cal. Jan. 13, 2010); HSBC Bank, N.A. v. Bryant, 2009 WL 3787195, at *3 (S.D. Cal.

7  Nov. 10, 2009). The Complaint sets forth a single unlawful detainer claim. This is purely a

8  state law claim and there is no federal question jurisdiction.

9                                              **ORDER**

10    IT IS HEREBY ORDERED that this case be remanded to the Los Angeles County

11  Superior Court.

12    IT IS SO ORDERED.

13

14  DATED: ___9/21/12___              _____

15                                        GEORGE H. KING
                                   UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28                                              3